**FROM: The District Court of the 18th Judicial District.
County of Gallatin.**

STATE OF MONTANA,

|  |  |
|---|---|
| Plaintiff, | NO. DC 96-102 |
| vs. | DECISION |

**Franklin McLaughlin,
Defendant.**

On July 22, 1996, it was the sentence and judgment of this court as follows: 1. The court finds the defendant guilty of Aggravated Assault, a Felony, in violation of Section 45-5-202, MCA. 2. For the offense of Aggravated Assault, a Felony, the defendant is committed to the Department of Corrections for a period of twenty-five (25) years. Twenty years for the offense of Aggravated Assault and 5 years for the use of a weapon. The Court makes no recommendation regarding placement. 3. The defendant shall pay restitution to the Crime Victims Compensation Fund in an amount to be determined by the department and the fund. 4. The Court finds the mandatory minimum sentence of two years is inapplicable in this case as the defendant was less than 18 years old at the time the offense was committed. 5. The defendant shall receive credit for two hundred twenty-eight (228) days previously served since his arrest on December 7, 1995.

On February 21, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Tara Javid, legal intern of the Montana Defender Project. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to read as follows:

The defendant shall be committed to the Department of Corrections for a term of twenty (20) years for the offense of Aggravated Assault, a Felony. All other conditions as stated in the July 22, 1996 judgment shall remain the same as imposed.

Reasons for the amendment are because this sentence is consistent with the plea agreement. Also, the use of the enhancement is inconsistent with the sentencing judge's findings.

Done in open Court this 21st day of February, 1997.

DATED this 4th day of March, 1997.

**Chairman, Hon. Jeffrey M. Sherlock, Member, Hon. Wm. Nels Swandal and Member, Hon. Richard G. Phillips.**

The Sentence Review Board wishes to thank Tara Javid, legal intern of the Montana Defender Project, for representing Franklin McLaughlin in this matter.